**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

YVONNE ROUNDTREE, *
*
Plaintiff, *
*
v * Civil Action No. ELH-16-3418
*
AMTRAK NATIONAL RAILROAD *
PASSENGER CORPORATION,[1] *
*
Defendant *
***

**MEMORANDUM**

Plaintiff Yvonne Roundtree is a Maryland resident who appears to be domiciled in Maryland. On October 12 2016, she filed a complaint in this court, based on diversity of citizenship of the parties, presenting claims of personal injury and discrimination. ECF 1; ECF 4-1 at 4. Roundtree seeks $1 million dollars for personal injury and $1 million dollars for a "Civil Rights VI Violation." ECF 1 at 5.

Roundtree, who is self-represented, initially filed her complaint, as well as a motion to proceed in forma pauperis, on Maryland state court forms. ECF 1; ECF 2. On October 28, 2016, I ordered plaintiff to file her complaint and her request for leave to proceed in forma pauperis on appropriate federal forms, due within fourteen days. ECF 3. Roundtree belatedly submitted a second copy of the state court in forma pauperis form (ECF 4), as well as a supplement to her complaint. ECF 4-1.

---

[1] The National Railroad Passenger Corporation, commonly known as Amtrak, is a corporation created by an Act of Congress. *See* 49 U.S.C. §§ 24101–24711 (creating Amtrak).

## I. Roundtree's Claims

Roundtree claims she was injured on February 8, 2016, when she was exiting an Amtrak train at the station in Trenton, New Jersey. ECF 1; ECF 4-1. She also claims an Amtrak employee discriminated against her in a separate incident on August 4, 2016, at an unspecified location. *Id.*

### A. Personal Injury Claim

Roundtree claims that as she was exiting Amtrak train No. 188 at 9:30 p.m. on February 8, 2016, with her last bag, the train began to move. ECF 1 at 2. The train door was open, so she jumped onto the station platform, where she had left her pocketbook and another bag. *Id.* The train stopped and she informed the train attendant of what happened. *Id.* Roundtree asserts that she is being treated for back and hip injury, presumably as a result of the incident. *Id.*; *see also* ECF 1-1 (medical records); ECF 4-1.

### B. Discrimination Claim

Roundtree presents her second claim as follows, ECF 1 at 2; *see also* ECF 4-1:

> Mr. D. Kraus #487, Amttrak [sic] Officer terminated; he grabbed my luggage and would not let me enter the train, Even [sic] though I had a ticket; another black worker Rashad also was involved; want them both terminated
>
> I was only refunded $53, Amtrak owes me $51 dollars, my fare was $110.00, I did report this incident to customer service.
>
> I had to get other transportation out of Baltimore.

Roundtree does not state where this incident occurred or the factual basis of the alleged discrimination. Although Roundtree states she is a senior citizen, she does not allege the Amtrak employee's action constituted discrimination due to her age. Roundtree appended several pages of attachments to her suit, suggesting that she may be relying on the Americans with Disabilities Act. *See, e.g.*, ECF 1 at 6-8.

**II. Discussion**

Federal civil pleading rules provide for a minimal pleading standard to ensure that the adverse party is reasonably informed of asserted causes of action, such that he/it can file a responsive answer and prepare an adequate defense. Fed.R.Civ.P 8(a)(2). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a). *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 513 (2002). This requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

Although a complaint need not contain detailed allegations, the allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz,* 534 U.S. at 512 (internal quotation marks omitted). The facts alleged must be enough to raise a right to relief above the speculative level, and requires "more than labels and conclusions," as "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 555 U.S. 1030 (2008).

The court is mindful that Roundtree is self-represented. Therefore, it holds her complaint to a less stringent standard than one drafted by an attorney. *See, e.g., Erickson v. Pardus,* 551 U.S. 89 (2007) (per curiam). Nevertheless, "Rule 8(a)(2) still requires a 'showing' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n. 3.

Assuming the truth of Roundtree's factual allegations for the purpose of initial review, I conclude that Roundtree's personal injury claim is sufficient to proceed. I will grant Roundtree one more opportunity to supplement her motion for leave to proceed in forma pauperis with the

appropriate form for use in federal court, and I will also direct her to complete and file a U.S. Marshal 285 form to assist in obtaining service of process on defendant.

The discrimination claim, however, does not present enough facts to state a claim for relief. Roundtree's sole allegation is that one or perhaps two African American Amtrak employees would not allow her to enter the train, although she had a ticket. The complaint does not articulate the protected class at issue, how the actions of Amtrak's employees subjected Roundtree to unlawful discrimination, or how these actions caused discrimination against her as a member of a protected class. ECF 1; ECF 4-1.

The allegations are wholly deficient to state a claim for discrimination. Consequently, I shall dismiss the discrimination claim, without prejudice.[2]

A separate Order follows.

December 1, 2016
Date

_______/s/_______________________
Ellen L. Hollander
United States District Judge

[2] Even if plaintiff had stated a discrimination claim, the claim is improperly joined with the personal injury action. The fact that both claims involve Amtrak does not warrant joinder. In any event, because the dismissal of the discrimination case is without prejudice, plaintiff may file a new action as to her discrimination claim, as a separate complaint. But, she must comply with the pleading requirements outlined above.